IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KIERA JOHNSON**, Plaintiff | * * * | |
| **VERSUS** | * * * * | Civil Action No. |
| **LASHIP, L.L.C. AND GREG ADAMS** Defendants | * * * * | Section    Magistrate |

**FIRST AMENDED AND RESTATED COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes plaintiff, Kiera AKA Kiara Johnson (hereinafter Johnson), who files this Complaint against Defendants, LASHIP, LLC and Greg Adams (hereinafter "LaShip" or "Adams").

**NATURE OF THE CLAIMS**

1. This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendants' unlawful discrimination, harassment and retaliation against the Plaintiff due to her status as a female and for the retaliation taken against her due to her making complaints about unlawful discrimination, sexual harassment and retaliation in violation of Section 1981 of the Civil Rights Act of 1866 (42 U.S.C. §1981), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. (Title VII); and of La. R.S. 23:332, Intentional Discrimination in Employment and sexual harassment, Vicarious liability of LaShip for the intentional acts

of its employee Greg Adams under theory of *respondeat superior*, intentional infliction of emotional distress, and violations of La. C.C. Art. 2315.

2.      This suit arises out of Greg Adams' pattern of assault and battery, including violations of Louisiana law prohibiting sexual battery (La. R.S. 14:43.1.1), and commission of various acts of sexual harassment.  Supervisory personnel of defendant LaShip, Tylone Johnson (no relation to plaintiff), was a superintendent when your plaintiff notified him of Adams' sexual harassment, assault and battery perpetrated by Greg Adams against your plaintiff.  LaShip failed to take prompt remedial action to protect plaintiff.

3.      After plaintiff's initial reports of sexual harassment were ignored by LaShip, Kiera Johnson made additional reports to Andre Belanger, a supervisor at the Houma yard in April of 2015.

4.      After plaintiff made complaints of sexual harassment in April 2015, Adams began a pattern of retaliation against plaintiff, which included reassignment to perform less desirable work duties, continued pressure from Adams to keep quiet or face loss of her job, and Adams' frequent pre-textual requirements that he be alone with plaintiff.

5.      Plaintiff was constructively discharged from employment on June 19, 2015 after LaShip took no remedial actions to protect her from Adams.

6.      These actions were in violation of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e, *et seq*., (Title VII) and La. R.S. 23:322 (Intentional Discrimination in Employment, La. C.C. 2315).  At all times relevant, Greg Adams was a person exercising supervisory duties for LaShip, which was/is responsible for his acts of sexual harassment through the doctrine of *respondeat superior*.

## PARTIES

7. Plaintiff is a female of the full age of majority who resides and is domiciled in LaFourche Parish which is within the jurisdiction of the Eastern District Court for the State of Louisiana, and who was employed at all times relevant by defendant, LaShip, LLC.

8. Defendant, LaShip, LLC is a domestic limited liability company registered to do and doing business within the State of Louisiana.  The principal place of business of LaShip, LLC is located at 16201 East Main Street, Cut Off, Louisiana 70345 in Lafourche Parish, which is within the jurisdiction of the Eastern District Court for the State of Louisiana.

9. Defendant, Greg Adams, is a person of the full age of majority, who, upon information and belief, is domiciled and resides in Terrebonne Parish, which is within the jurisdiction of the Eastern District Court for the State of Louisiana.

## JURISDICTION AND VENUE

10. This Honorable Court has subject matter jurisdiction over this matter because federal questions arise under 28 U.S.C. §1331 and 28 U.S.C. § 1343.  Furthermore, 42 U.S.C. § 1981, relative to the Civil Rights Act of 1866, and Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e, *et seq*.), also establish the subject matter jurisdiction of this Honorable Court.  Supplemental jurisdiction over state law claims is authorized under 28 U.S.C. §1367.

11. This Honorable Court has personal jurisdiction over defendant, LaShip, LLC, because it is a limited liability company, licensed to do and doing business in Lafourche Parish, Louisiana and the company has substantial contacts with the State of Louisiana.

12. This Honorable Court has personal jurisdiction over defendant, Greg Adams as a person over the age of majority who is domiciled and resides in the State of Louisiana.

13. Venue is proper in the Eastern District for the State of Louisiana under 42 U.S.C. §2000e(5)(f)(3) because: 1) the unlawful employment practices alleged were committed within the judicial district; 2) upon information and belief, the employment records relevant to such practices are maintained and administered within the judicial district; and 3) the defendant's principal place of business is in this judicial district. Furthermore, venue is proper in this district under 28 U.S.C. §1391 (a)(1),(b)(1) because all parties, including the defendants, reside within the district.

14. Plaintiff has complied with the statutory prerequisites to filing this action by filing a charge with the EEOC, receiving a Right to Sue Letter and filing this lawsuit within the time limits. LaShip, LLC has had at least thirty days actual notice of the litigation because it participated in and/or was notified of the EEOC investigation and its counsel has engaged in discussions with the plaintiff's attorneys between April 2015 and the date of filing of the action.

**FACTS**

15. Plaintiff was a female employee of LaShip, LLC, and a victim of sexual harassment and retaliation by defendants. LaShip, LLC employs more than twenty persons full time within the State of Louisiana. Plaintiff was constructively discharged from her employment on June 19, 2015.

16. Greg Adams is in a position of supervision and management in LaShip, LLC and oversees the Houma shipyard.

17. Plaintiff Johnson began employment with LaShip as a roustabout in September, 2014. Over the course of her employment, plaintiff was the victim of a pattern of sexual harassment by Greg Adams, the manager of LaShip's Houma yard. This pattern included, but was not limited to, touching plaintiff on her chest, buttocks, and pubic area, pressuring her for sex in exchange for promises to protect her job and other benefits, Adams placing of plaintiff's hand on Adams' groin area, Adams exposing his genitalia to plaintiff, and threats of job loss if plaintiff failed to cooperate with Adams' sexual advances.

18. On or about February 3, 2015, plaintiff was working in Adams' office and Adams told her she was pretty.

19. On or about February 10, 2015, plaintiff was working in Adams' office and Adams again told plaintiff that she was pretty and that he wanted to perform oral sex on plaintiff. Next, Adams grabbed plaintiff's buttocks and vagina. Adams told plaintiff that she knew what he wanted.

20. Between February 10, 2015 and approximately May 12, 2015, Adams pressured Johnson for oral sex numerous times.

21. On or about February 10, 2015, Adams told plaintiff that he would take care of plaintiff and that she would be paid more money if she began sexual relations with him, and Adams continued his pattern of grabbing plaintiff's buttocks.

22. In the month of March, 2015, Adams told plaintiff that he got an erection each time she came into his office to clean it. On one occasion, Adams exposed his erect penis to her and commented to her about its stiffness and color.

23. On or about April 10, 2015, while plaintiff was working for Adams, Adams grabbed plaintiff's hand and placed it on Adams' groin and told plaintiff to look at his erection.

24. Between February 10, 2015 and approximately May 12, 2015. Adams repeatedly told plaintiff that he would "take care of her," if she cooperated with his requests for sexual favors.

25. In late February 2015, plaintiff reported to Tylone Johnson that Greg Adams was touching her, and that she knew a lay-off was coming, because Adams had promised her that her job would be safe if she cooperated with his (Adams') requests for sex.

26. Tylone Johnson (no relation to plaintiff) was a superintendent at the LaShip Houma yard at the time that plaintiff reported the sexual harassment of Greg Adams to him in February 2015. Upon information and belief, Tylone took no action to protect plaintiff from the sexual harassment.

27. LaShip, LLC had constructive notice of the harassment through this reporting to a supervisor in late February 2015. Despite said notice, LaShip took no prompt remedial action to protect plaintiff from continued harassment.

28. On or about April 15, 2015, plaintiff was assigned to work in the office of LaShip superintendent, Andre Belanger. Adams frequently came to that office while plaintiff was at work there, and continued his pattern of touching her buttocks. Adams also frequently called plaintiff to come to his office, so that he could touch her. This pattern continued from approximately April 15, 2015 until early May 2015. Andre Belanger, was present on at least one occasion when Adams touched plaintiff on her buttocks.

29. In April of 2015, Adams called plaintiff to come with him to inspect his new office. After transporting her on the LaShip golf cart, he proceeded to touch her and to attempt to kiss her.

30. Despite receiving complaints to at least two supervisors at the Houma yard, namely Tylone Johnson and Andre Belanger, LaShip, LLC did not take prompt remedial action to protect Johnson from Adams' harassment.

31. Throughout the period of harassment, Plaintiff refused Adams' advances.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

Discrimination in Violation of 42 U.S.C. §2000e, *et seq.* (Title VII)

32. Plaintiffs hereby repeat and re-allege each and every allegation in Paragraphs 1 through 31 inclusive, as if copied herein *in extenso*. Defendant, LA Ship, discriminated against the plaintiff on the basis of her gender (female) in violation of 42 U.S.C. §2000e, *et seq* (Title VII). Defendant denied the plaintiff the same terms and conditions of employment enjoyed by male employees, including, but not limited to, subjecting the plaintiff to a hostile work environment, *quid pro quo* sexual harassment at the hands of Greg Adams, (an employee of supervisory and/or managerial rank) and denying the Plaintiff the opportunity to work in an employment setting free of unlawful sexual harassment.

33. As a direct and proximate result of Defendant, LaShip's unlawful and discriminatory conduct in violation of 42 U.S.C. §2000e, *et seq*. (Title VII), plaintiff suffered and continues to suffer severe mental anguish and emotional distress, including,

but not limited to, depressive symptoms, PSTD and anxiety and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

34. Defendant, LaShip's unlawful and discriminatory conduct in violation of 42 U.S.C. §2000e, *et seq*. (Title VII) was outrageous and malicious, was intended to injure plaintiff, and was done with conscious disregard of plaintiff's civil rights, entitling plaintiff to an award of punitive damages.

## SECOND CAUSE OF ACTION

Retaliation in Violation of 42 U.S.C. §2000e, *et seq.* (Title VII)

354. Plaintiff hereby repeats and re-alleges each and every allegation in Paragraphs 1 through 34 inclusive, as if copied herein *in extenso.*

36. Defendant, LaShip retaliated against the plaintiff in violation of 42 U.S.C. §2000e *et seq.* when plaintiff opposed and/or complained of Greg Adams' acts of sexual harassment and discrimination based upon plaintiff's gender by, among other actions, subjecting plaintiff to further acts of discrimination based upon her gender (female), harassment and humiliation, and her constructive discharge on June 19, 2015.

37. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of 42 U.S.C. §2000e *et seq.*, Plaintiff has suffered and continues to suffer from depressive symptoms, PSTD and anxiety, severe mental anguish and emotional distress, for which the plaintiff is entitled to an award of monetary damages and other relief.

38. Defendant's unlawful and retaliatory conduct in violation of 42 U.S.C. §2000e *et seq.* was outrageous and malicious, was intended to injure the plaintiff and was done in

conscious disregard of plaintiff's civil rights, entitling her to an award of punitive damages.

## THIRD CAUSE OF ACTION

Discrimination in Violation of La. R.S. 23:332(A)(1)

39. Plaintiff hereby repeats and re-alleges each and every allegation of fact set forth above as if copied here *in extenso.*

40. Defendant, LA Ship, has discriminated against the plaintiff on the basis of her gender/sex (female) in violation of La. R.S. 23:332(A)(1).  Defendant denied the plaintiff the same terms and conditions of employment enjoyed by male employees, including, discriminating against her by subjecting her to sexual harassment by a supervisor and failing to take prompt remedial action to protect plaintiff from continued discrimination. Thus, LaShip, subjected the plaintiff to disparate working conditions, a hostile work environment and *quid pro quo* sexual harassment and denied her the opportunity to work in an employment setting free of unlawful harassment.

41  As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of La. R.S. 23:332(A)(1), plaintiff suffered from and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depressive symptoms, PTSD and anxiety for which she is entitled to an award of monetary damages and other relief.

42. Defendant's unlawful and discriminatory conduct in violation of La. R.S. 23:332(A)(1) was outrageous and malicious, was intended to injure plaintiff, and was

done with conscious disregard of plaintiff's civil rights, entitling plaintiff to an award of attorney's fees under La. R.S. 23:303.

## FOURTH CAUSE OF ACTION

### Retaliation in Violation of La. R.S. 23:332(A)(2)

43.     Plaintiff hereby repeats and re-alleges each and every allegation in Paragraphs 1 through 42 inclusive, as if copied herein *in extenso.*

44.     Defendants retaliated against the plaintiff in violation of La. R.S. 23:332(A)(2) when she opposed and/or complained of the discriminatory practices of sexual harassment against plaintiff by Greg Adams and LA Ship by, among other actions, subjecting plaintiff to acts of further harassment and humiliation.

45.     As a direct and proximate result of LaShip's unlawful and retaliatory conduct in violation of La. R.S. 23:332(A)(2), plaintiff suffered and continues to suffer from severe mental anguish and emotional distress, including but not limited to, depressive symptoms, PTSD and anxiety, for which the Plaintiff is entitled to an award of monetary damages and other relief.

46.     Defendants' unlawful and retaliatory conduct in violation of La. R.S. 23:332(A)(2) was outrageous and malicious, was intended to injure the plaintiff and was done in conscious disregard of plaintiff's civil rights, entitling the plaintiff to an award of attorney's fees under La. R.S. 23:303.

## FIFTH CAUSE OF ACTION

### . Violation of La. R.S. 14:43.1.1

47.     Plaintiff hereby repeats and re-alleges each and every allegation in paragraphs 1 through 46, inclusive, as if copied herein *in extenso.*

48. Defendant Adams is liable to plaintiff for his actions of felony and misdemeanor sexual battery of plaintiff when Adams physically grabbed plaintiff's buttocks, touched her pubic area, and placed her hand on his groin, each of which were committed against plaintiff's will while she and Adams were on the premises during regularly scheduled work hours of LaShip's Houma yard.

49. As a direct and proximate result of Adams' unlawful conduct, plaintiff suffered and continues to suffer from severe mental anguish and emotional distress, including but not limited to, depressive symptoms, PTSD and anxiety, for which the Johnson is entitled to an award of monetary damages and other relief.

## SIXTH CAUSE OF ACTION

Intentional Infliction of Emotional Distress

50. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 49, inclusive, as if copied herein *in extenso.*

51. Defendant Adams is liable to plaintiff on the basis that his actions, conduct, statements, and behavior toward Johnson constitute Intentional Infliction of Emotional Distress as set forth in White v. Monsanto, 585 So. 2d 1205 (La. 1991), specifically:

   a. Conduct of defendant Adams was extreme and outrageous, including unwanted sexual advances and nonconsensual bodily contact of a sexual nature;

   b. The emotional distress suffered by plaintiff was severe requiring plaintiff to seek counseling and therapy;

    c.   Defendant Adams knew or should have known that unwanted bodily contact of a sexual nature and sexual advances in the workplace would result in severe emotional distress;

    d.   The conduct of defendant Adams is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.

    e.   The conduct of defendant Adams extends beyond mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.

    f.   The conduct of defendant Adams is of extreme and outrageous character which arose from his abuse of a position of authority over plaintiff to affect plaintiff's employment.

52.    As a direct and proximate result of Adams' unlawful conduct, plaintiff suffered and continues to suffer from severe mental anguish and emotional distress, including but not limited to, depressive symptoms, PTSD and anxiety, for which the Johnson is entitled to an award of monetary damages and other relief.

## SEVENTH CAUSE OF ACTION

Vicarious Liability for the Intentional Torts of LaShip Employees Under La. C.C. Art. 2320 and the Doctrine of *Respondeat Superior.*

53.    Plaintiff hereby repeats and re-alleges each and every allegation in paragraphs 1 through 52, inclusive, as if copied herein *in extenso.*

54. Because Adams was under the scope of his employment at LaShip while he was inflicting intentional emotional distress, under the doctrine of *respondeat superior*, LaShip is vicariously liable for his actions jointly and/or *in solido*.

55. Defendant LaShip has violated its duty as plaintiff's employer to provide a safe workplace, to take reasonable steps to determine the fitness of Plaintiff's co-workers, supervisors and management to reasonably supervise plaintiff's co-workers and supervisors by, among other actions, failing and/or refusing to investigate and/or take appropriate disciplinary or other actions in response to plaintiff's complaints of sexual harassment by her supervisors and/or management on the basis of her gender, including but not limited to, continued acts of harassment, threats of being fired, retaliation, and failure to effect prompt remedial action.  Defendants had actual knowledge of the undue risk of harm to which they were exposing plaintiff based upon her complaints to supervisors and the behavior and actions of defendant Adams.

56. As a result of the acts of the defendants, plaintiff sustained economic, medical and emotional losses for which she should be compensated by defendant LaShip.

## EIGHTH CAUSE OF ACTION

Violation of La. R.S. 14:43.1

57. Plaintiff hereby repeats and re-alleges each and every allegation in paragraphs 1 through 56, inclusive, as if copied herein *in extenso*.

58. Defendant Adams is liable to plaintiff for his actions of sexual harassment toward plaintiff when Adams physically grabbed plaintiff's buttocks, touched her pubic area, and placed her hand on his groin, each of which constituted acts of felony sexual battery

which were committed against plaintiff's will while she and Adams were on the premises of LaShip's Houma yard.

59.     As a direct and proximate result of Adams' unlawful conduct, plaintiff suffered and continues to suffer from severe mental anguish and emotional distress, including but not limited to, depressive symptoms, PTSD and anxiety, for which the Johnson is entitled to an award of monetary damages and other relief.

60.     Kiera Johnson itemizes her damages as follows:

   a) Past, present and future physical pain and suffering;

   b) Past, present and future emotional pain and suffering;

   c) Lost wages, including, but not limited to, past, present, and future lost wages;

   d) Healthcare expenses;

   e) Attorneys' fees

   f) All legal costs.

61.     Petitioner avers amicable demand without avail.

        WHEREFORE, Petitioner prays that the defendants be duly served and cited to appear and answer this Complaint, and that after all legal delays, that there be judgment in favor of Plaintiff, Kiera Johnson and against the defendants, Greg Adams and LaShip, L.L.C., jointly, severally and *in solido* against defendants, containing the following relief:

   a) A declaratory judgment that the actions, conduct and practices of the defendants complained of herein violate the laws of the United States of American and the State of Louisiana;

   b) An injunction and order permanently restraining the defendants from engaging in such unlawful conduct;

c) An order directing defendants to place plaintiff in the position that she would have occupied but for defendants' discriminatory and harassing treatment and otherwise unlawful treatment of her, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect the plaintiff's employment and personal life;

d) An award of damages in an amount to be determined at trial;

e) Punitive and exemplary damages in an amount to be determined at trial;

f) An award of attorneys' fees;

g) And additional damages for a full and true sum, together with legal interest from the date of judicial demand until paid, for all costs of these proceedings and for all general and equitable relief.

Respectfully submitted,

s/*Julie Anne Gardner*
**Julie Anne Gardner, #25679**
Gardner & Steib, Attorneys at Law, LLC
4051 Veterans Memorial Blvd.; Suite 228
Metairie, LA 70002
Email: julie.gardner.atty@gmail.com
Telephone: (504) 888-6100
Facsimile: (504) 888-4059


**DAYAL S. REDDY, #31928**
4051 Veterans Memorial Blvd.; Suite 226
Metairie, LA 70002
Ph: (504) 484-9040
Fax: (866) 910-5978
Email: dayalsreddy@gmail.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 6th day of April 2016, I filed the foregoing First Amended and Restated Complaint with the Clerk of Court through the CM/ECF system that will send notice of said filing to:
DAVID M. KORN, (Bar # 21676) kornd@phelps.com
Phelps Dunbar, LLP
Canal Place, 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534